UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MRS. GINA SHARBOWSKI,
individually and o/b/o T.S., a minor,
jointly and severally,

         Plaintiffs,

v.

UTICA COMMUNITY SCHOOLS,
 *et al.*,

         Defendants.
_____/

Case No. 18-cv-10869

Paul D. Borman
United States District Judge

## ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 28)

On February 13, 2019, the Court entered an Opinion and Order granting
Defendant Utica Community Schools' Motion to Dismiss and entered Judgment
dismissing Plaintiff's Complaint with prejudice. (ECF Nos. 26, 27.) On February 28,
2019, Plaintiff filed a Motion for Reconsideration. (ECF No. 28.) The Court
DENIES the motion for reconsideration.

"A motion for reconsideration is governed by the local rules in the Eastern
District of Michigan, which provide that the movant must show both that there is a
palpable defect in the opinion and that correcting the defect will result in a different
disposition of the case." *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011).

1

Eastern District of Michigan Local Rule LR 7.1(h)(3) provides in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.Com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010) (citing *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("'It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.'")). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to

advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). *See also Allen v. Henry Ford Health Sys*., No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010) (holding that motions for reconsideration do not permit a party to "to raise new legal theories that should have been raised earlier" or "attempt to supplement the record with previously available evidence").

The Sixth Circuit has affirmed these standards, which govern the Court's consideration of Plaintiff's motion for reconsideration:

> It is well-settled that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007). Additionally, reconsideration motions cannot be used as an opportunity to re-argue a case. Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier.

*Bank of Ann Arbor v. Everest Nat. Ins. Co*., 563 F. App'x 473, 476 (6th Cir. 2014). *See also Zucker v. City of Farmington Hills*, 643 F. App'x 555, 572 (6th Cir. 2016) ("It is also "well-settled" law in this circuit that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued. . . . [a]nd [n]ew arguments based on hindsight regarding how a movant would have preferred to have argued its case do not provide grounds for

Rule 60(b) relief.") (internal quotation marks and citations omitted).

Plaintiff's motion for reconsideration does not identify any error in the Court's February 13, 2019 Opinion and Order nor demonstrate a palpable defect by which the court and the parties have been misled.  In fact, the motion does not direct the Court to any specific portion of the Court's February 13, 2019 Opinion and Order.  Rather the motion appears to be Plaintiff's effort to refashion and reargue her case by reiterating her feelings about how the educational system has disappointed her and presenting a generalized grievance regarding certain aspects of the existing special education system.

Plaintiff's motion for reconsideration fails to identify any palpable defect in the Court's February 13, 2019 Opinion and Order.  Accordingly, the motion is DENIED.

IT IS SO ORDERED.


                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE


Dated:  April 3, 2019